UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50134-03 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| RICHARD RANDALE JACKSON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Grand Jury Transcripts filed *pro se* by the defendant, Richard Randale Jackson ("Jackson"). See Record Document 216. In the motion, Jackson requests a copy of the grand jury transcripts pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), which states:

> The court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter:
>
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

F.R.Cr.P. 6(e)(3)(E)(ii). Specifically, Jackson maintains that he "is seeking the grand jury transcripts because he is innocent of the crimes charged in the indictment and he *infers* that because of his innocence there must be statements and information which was submitted to the grand jury that was false." Record Document 216 at 2 (emphasis added). In the motion, Jackson also states that he is preparing to file a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255, which is apparent because many of the allegations in the instant motion are more properly asserted in a Section 2255 motion. See id. at 2-3.

The Fifth Circuit has stated that "the proper functioning of the grand jury system

depends upon the secrecy of the grand jury proceedings." U.S. v. Miramontez, 995 F.2d 56, 59 (5th Cir. 1993), citing Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218S.Ct. 1667, 1692 (1956).  Jackson bears the burden of demonstrating that "a particularized need" for the grand jury transcripts "outweighs the policy of secrecy." Id. (citation omitted). Pursuant to this burden, Jackson must establish that : "(1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure is greater than the need for continued secrecy, and (3) his request is structured to cover only material so needed." Id. (citation omitted).

Here, the Court finds that Jackson has not satisfied the aforementioned conditions and, thus, denies his request.  It is clear that Jackson has not shown a "particularized need" under any of the three elements set forth above.  Even construing his pleadings liberally due to his *pro se* status, he has not identified any specific irregularity in the grand jury proceedings and has not furnished reasons sufficient to require disclosure of the grand jury transcripts.  His motion, which relies on contentions, inferences, and intuition, appears to be nothing more than a fishing expedition and the bare allegations set forth in the motion simply will not suffice to justify disclosure.  See U.S. v. Carvajal, 989 F.2d 170 (5th Cir. 1993) ("[The defendant] cannot now conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255."). Jackson does state "that the grand jury did not know that he was incarcerated when this conspiracy was discovered nor did the prosecution inform the grand jury of exculpatory evidence against [him] which contradict[s] any involvement in a conspiracy or any other drug trafficking crime." Record Document 216 at 2-3.  Such contentions are not the proper showing of a "particularized need" as contemplated by the controlling case law; rather,

these allegations are better suited for a Section 2255 motion, which Jackson has indicated he is preparing to file.

Accordingly,

**IT IS ORDERED** that the Motion for Grand Jury Transcript (Record Document 216) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 9th day of July, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE