UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 04-50134-03 |
| | CIVIL NO. 08-1394 |
| VERSUS | |
| | JUDGE S. MAURICE HICKS, JR. |
| RICHARD RANDALE JACKSON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Record Document 230) filed on behalf of Petitioner, Richard Randale Jackson. Jackson seeks an order from the Court vacating and setting aside Count Two of his conviction based on the following grounds: (1) insufficient evidence to prove Count Two of the indictment– conspiracy to distribute crack cocaine, (2) A claim of actual innocence as to Count Two, (3) ineffective assistance of counsel, and (4) federal statute 21 U.S.C. § 852 creates a liberty interest in which this Court is compelled to use treatment, rehabilitation, or education as an alternative to conviction or criminal penalties for those who violate federal drug laws. For the reasons below, Jackson's motion is **DENIED**.

## FACTUAL BACKGROUND

On June 23, 2005, a federal grand jury returned a third superseding indictment against Richard Randale Jackson ("Jackson"), Eric German ("German"), and Felicia Smith ("Smith"). [Record Document 78]. The Petitioner, Jackson, was named in Count Two (conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846), and

Counts Six through Ten (possession with intent to distribute cocaine or crack cocaine in violation of 21 U.S.C. §§ 841(a)(1)). Id. Counts Six through Ten were based on a government informant's five controlled purchases of crack cocaine from Jackson between December 2003 and April 2004. The conspiracy charge in Count Two was based on the following evidence: a government pen register showing Jackson made 273 phone calls to German during the months of January through April 2004; phone records collected from Germans' trash; a drug ledger with a reference to a person named "Black"; Kelvin Gay's testimony that Jackson's street name was "Black"; Gay's testimony that Jackson had taken over Gay's turf while he was in prison; and Gay's testimony which described several drug transactions with Jackson involving as much as 18 ounces of crack cocaine as well as the pickup of large quantities of cash on six or seven occasions.

On August 17, 2005, after an eight-day jury trial, Jackson was found guilty as charged on Count Two and Counts Six through Ten. [Record Document 145]. Jackson was then sentenced on December 8, 2005, to a term of 360 months for each count (Count Two, Six, Seven, Eight, Nine, Ten) with the sentences to run concurrently. [Record Document 172]. Petitioner was also sentenced to be on supervised release for 10 years following imprisonment as to Count Two and 8 years of supervised release as to Counts Six through Ten, to run concurrently with one another and to the term imposed on Count Two. Id. The United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction on May 14, 2007. [Record Document 214]; See United States v. German, 486 F.3d 849 (5th Cir. 2007).

On May 14, 2008, Jackson filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [Record Document 230]. The Petitioner asserts that he is

actually innocent as to Count Two's conspiracy charge and that the government did not prove beyond a reasonable doubt that he was involved in a conspiracy with German and Smith. The Petitioner also argues that he was denied his Sixth Amendment Constitutional right to effective assistance of counsel. Jackson's ineffective assistance of counsel claim is based on the allegation that (a) his trial counsel failed to conduct a reasonable investigation into the facts of this case so that he could properly challenge the prosecutor's theory of conspiracy between the co-defendants; (b) counsel failed to argue that the prosecutor must prove that Petitioner, German, and Smith had an agreement to commit a crime; (c) counsel failed to request that the jury be given specific instructions on the elements of the conspiracy charge and the government's burden of proof for such charge; (d) counsel failed to request jury instructions on the buyer/seller relationship defense; (e) counsel failed to request relief from prejudicial joinder under Rule 14 of the Federal Rules of Criminal Procedure; and (f) counsel failed to substantiate claims and prove facts that would have exonerated Jackson as to Count Two of the indictment in the Fifth Circuit Court of Appeals.

## LAW AND ANALYSIS

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc), (quoting United States v. Frady, 456 U.S. 152, 164; 102 S.Ct. 1584, 1592; 71 L.Ed.2d 816 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgement commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct.

at 1593. Consequently, issues that can be presented in a motion filed under 28. U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 at 168; United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing Shaid, 937 F.2d at 232). To establish "cause," defendant must show some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233. A narrow exception to the cause and actual prejudice requirement exist in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of injustice" that would result in the continued incarceration of an

innocent person. Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661 2667, 91 L.Ed. 2d 434 (1986). The Supreme Court in Kuhlmann v. Wilson requires:

> federal courts to entertain successive petitions when a petitioner supplements a constitutional claim with a "colorable showing of factual innocence." The miscarriage of justice exception to cause serves as "an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty," Stone v. Powell, 428 U.S., at 492-493, n. 31, 96 S.Ct., at 3051, n. 31, guaranteeing that the ends of justice will be served in full.

Kuhlmann v. Wilson, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627 (1986).

### 1. Sufficiency of the Evidence

A sufficiency of the evidence challenge may be a constitutional issue which is cognizable in a § 2255 motion. See Jackson v. Virginia, 443 U.S. 307; 99 S.Ct. 2781 (1979). However, "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." United States v. Kalish, 780 F.2d 506 (5th Cir. 1986) citing United States v. Jones, 614 F.2d 80, 82 (5th Cir. 1980). Petitioner's challenge to the sufficiency of the evidence to prove Count Two was raised on direct appeal and has already been denied in the following ruling:

> The evidence against Jackson is considerable. First, an informant testified about five purchases of crack cocaine from Jackson between December 16, 2003 and April 13, 2004. Second, there is evidence of frequent phone contact between Jackson and German, including 273 phone calls over a period of four months in 2004. This evidence takes the form of both phone records pulled from German's trash and pen register evidence. Third, a drug ledger was pulled from German's trash that referenced a person named "Black." Kelvin Gay then testified that Jackson's street name was "Black." And fourth, Kelvin Gay testified that German told him that Jackson had taken over Gay's turf while he was in prison. Gay also described drug transactions with Jackson involving as much as 18 ounces of crack.

German, 486 F.3d at 852.

Petitioner argues (as his attorney did in his earlier Fifth Circuit Appeal) that Kelvin Gay's statements cannot be used to connect Jackson to the conspiracy because the facts which Gay testified to could not have physically occurred under the laws of nature. He states that Gay testified that he delivered 18 ounces of crack cocaine in January or February of 2000, a time period when Gay was in prison. However, after a thorough review of the trial transcripts, the record does not reflect such a statement. This Court finds that Gay testified he delivered crack cocaine to Jackson shortly after he was released from prison in November of 2000[1], not early 2000, as the Petitioner states in his memorandum. Once again, this argument concerning the physical impossibility of Gay's testimony has already been addressed and dismissed by the Fifth Circuit:

> Jackson asks us to ignore Gay's testimony as incredible, arguing that Gay and Jackson were not on the street at the same time. Yet Gay was out of prison from November of 2000 through October 2001, a period about which he testified. The determination of witness credibility is the province of the jury, and we will not disturb its finding unless the witness asserted "facts that the witness physically could not have observed or events that could not have occurred under the laws of

---

[1] The Fifth Circuit has held that "a guilty verdict may be sustained if supported only by the uncorroborated testimony of a coconspirator, even if the witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face." United States v. Gadison, 8 F.3d 186, 190 (5th Cir.1993); United States v. Hernandez, 962 F.2d 1152, 1157 (5th Cir.1992). Testimony is incredible as a matter of law only if it relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature. Gadison, 8 F.3d at 190; United States v. Hoskins, 628 F.2d 295, 297 (5th Cir. 1980), cert. denied, 449 U.S. 987, 101 S.Ct. 406, 66 L.Ed.2d 249 (1980); United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994).

>       nature." We accept the jury's beyond a reasonable
>       doubt finding as rational.

Id.

Furthermore, Petitioner's admission that he purchased the drugs from Gay authenticate at least parts of Gay's testimony and shows that such an occurrence was not physically impossible. This Court will not reconsider the sufficiency of evidence claim as such claim was already denied by the Fifth Circuit Court of Appeals and is procedurally barred from being revisited in § 2255 motions. Kalish, 780 F.2d at 506.

**2. Claim of Factual Innocence**

Under Kuhlmann, Jackson can supplement a constitutional violation with a colorable showing of factual innocence. Other than Jackson's self-serving statement that he is innocent, Jackson presents no new factual findings or evidence of factual innocence. In Petitioner's attempt to prove innocence, he uses the same arguments as his counsel used in the sufficiency of the evidence challenge made in the earlier appeal. Petitioner's innocence claim is based on an alleged impossibility with the time line which Gay laid out in his testimony, Gay's lack of credibility, the lack of direct evidence showing a concrete agreement to distribute crack cocaine between Jackson and German and/or Smith, and conclusory statements denying involvement in any conspiracy. The alleged impossibility with Gay's testimony was not only dismissed by the Fifth Circuit on appeal, but can also be thrown out by Petitioner's own testimony that he purchased drugs from Gay. See Memorandum in Support of Movant § 2255 Motion pg. 12. The other arguments challenge the sufficiency of the evidence but do not actually make a colorable showing of factual innocence. The Court will not reconsider these arguments.

### 3. Ineffective Assistance of Counsel

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed. 2d 714 (2003). This "procedural-default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 503. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. Id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. United States v. Alanis, 88 Fed. Appx.15, 19 (5th Cir. 2004). Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. Id.

To prevail on claims of ineffective assistance of counsel, Jackson must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, Jackson must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may

overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id., 466 U.S. at 690, 104 S.Ct. at 2066.

Under the second prong of the Strickland test, Jackson must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. Jackson must demonstrate that the attorney's actions "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016 1021 (5th Cir. 1994) citing Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). If Jackson fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997); Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994); Williams v. Collins, 16 F.3d 626, 631 (5th Cir. 1994).

### a. Failure To Properly Challenge the Conspiracy Charge

The defendant argues that his attorney did not properly challenge the prosecutor's theory of conspiracy in this case. Specifically, defendant argues that counsel failed to conduct a reasonable investigation into the facts of the case so he could prove that the three conspirators, Richard Jackson, Eric German, and Felicia Smith, were not connected by an agreement or conspiracy.

In Strickland v. Washington, the Supreme Court discussed pretrial investigation as follows:

> Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

Strickland v. Washington, 104 S.Ct. at 2066.

Strickland does not require an interview of every claimed eyewitness, alibi witness, and/or assertedly exculpating criminal co-participant. Bryant v. Scott, 28 F.3d 1411, 1419 n.13 (5th Cir. 1994). The record and trial transcripts show that Jackson's counsel did in fact conduct an adequate investigation into the facts- specifically into Kelvin Gay's background. Counsel's investigation and knowledge of the facts is evident throughout the course of the trial. Through cross-examination counsel established that during some of the events which Gay testified to he was actually in prison[2], and that Jackson and Gay were rarely out of prison at the same time. Furthermore, counsel challenged Gay's testimony linking Jackson to Eric German, Felicia Smith, and Dommneaka Green. Counsel was even able to established that Dommneaka Green did not know Richard Jackson[3], and filed a motion to suppress the pen register showing 279 phone calls between Jackson and German. Counsel also offered up a compelling theory as to when and why Gay first mentioned Jackson to authorities and challenged the physical impossibility of parts of Gay's testimony.

---

[2] Such as when Felicia Smith and Dommneaka Green picked up money or delivered drugs to Jackson.

[3] Green testified that she did not know Jackson, but her answer did not exclude the possibility that she had seen him during an alleged delivery of cocaine. Even assuming that her answer could be interpreted to mean that she had never seen or heard of Jackson, the jury was free to disregard or give a lower weight to any testimony which they did not find credible or accurate.

While counsel's attempts to challenge the government's case of conspiracy ultimately proved unsuccessful, this Court finds that when considering the totality of the circumstances, counsel's actions in challenging the evidence did not fall below an objective standard of reasonableness, were within the wide range of professionally competent assistance, nor did counsel make errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment.

However, out of an abundance of caution, this Court will also analyze the second prong of the Strickland analysis. "[I]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding"; rather, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693, 104 S.Ct. at 2067-68. Petitioner's conclusory allegations are insufficient to demonstrate prejudice. Jackson has not provided this Court with evidence that, if discovered by trial counsel, would have changed the outcome of the case. The evidence and arguments provided by Petitioner contain inaccuracies and unsupported allegations. These arguments have already been summarily rejected by this Court and the Fifth Circuit Court of Appeals in Jackson's earlier appeal. Petitioner's claim also fails the second prong of the Strickland test.

### b. Failure To Object To Gay's Statements Concerning Jackson

Jackson also alleges that his counsel failed to object to Kelvin Gay's statements which he claims fell outside of the FED. R. EVID. 801(d)(2)(E) exception. However, Gay's testimony as to what Eric German told him regarding Jackson's involvement in the drug sales are admissible as a co-conspirator's statement made during the course of a conspiracy under FED. R. EVID. 801(d)(2)(e). According to United States v. Cornett, the

government does not have to prove a co-conspiracy beyond a reasonable doubt before such testimony concerning statements of a co-conspiracy in the furtherance of the conspiracy is admissible as evidence. 195 F.3d 776 (5th Cir. 1999). Under Rule 801(d)(2)(e), the proponent of admittance must prove by a preponderance of the evidence (1) the existence of the conspiracy, (2) the statement was made by a co-conspirator of the party, (3) the statement was made during the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy. Id. at 782. While Petitioner's counsel did not object to Gay's testimony concerning Jackson, such an objection would have been overruled. Through the testimony of the case agents and the officers, the government had already proven by a preponderance of the evidence the four required elements. Any such objection to the statements made by Kelvin Gay would have been meritless and therefore would have been denied. The attorney cannot be ineffective for failing to raise a meritless claim. Sones v. Hargett, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections.")

### c. Failure To Request Specific Jury Instructions On Conspiracy

The Petitioner next argues that his counsel was ineffective because he failed to request that the jury be given specific instructions that the prosecutor must prove that Petitioner had an agreement with Eric German and/or Felicia Smith and Petitioner's actions were in furtherance of this conspiracy. This argument has no legal standing because counsel did request in writing that the jury be given Fifth Circuit pattern jury instructions as

to the government's burden of proof on the conspiracy charge. Jury instructions, as a whole, should encompass "a correct statement of the law" and should clearly instruct "jurors as to the principles of the law applicable to the factual issues confronting them." United States v. Wise, 221 F.3d 140, 147 (5th Cir. 2000); United States v. Bell, 367 F.3d 452, 469 (5th Cir. 2004). Regardless of whether or not counsel made such request that the jury be given specific instructions as to what the government was required to prove concerning Petitioner and German and Smith, the Court gave the jury instructions which comprehensively laid out an accurate statement of the principles of law applicable to the factual issues at hand. Jury instruction three (3) laid the legal standard and definition of "burden of proof"; jury instruction twenty-three (23) gave the relevant law requiring the jury find that this specific conspiracy in Count Two of the indictment be proven, and not some other conspiracy; jury instruction twenty-four (24) laid out the legal definition of "conspiracy" and what the government must prove; and jury instruction twenty-six (26) gave each and every element which the government was required to prove beyond a reasonable doubt as per the conspiracy between Richard Jackson, Eric German, and Felicia Smith. This Court hereby finds that trial counsel was effective in his request for specific jury instructions under the first prong of the Strickland analysis, and that Petitioner was not prejudiced by counsel's actions pertaining to the jury instructions, as the jury was given accurate instructions on what must be proven with regard to the conspiracy in Count Two.

### d. Failure To Request Specific Jury Instructions On the Defense of Buyer/Seller Relationship

Next, Petitioner argues that counsel failed to request jury instructions pertaining to the defense that there was only a buyer/seller relationship, and not an actual conspiracy.

This Court notes that such argument was not articulated in the memorandum in support of the § 2255 motion but rather was raised in Petitioner's reply to the government's answer to the § 2255 motion. This argument fails for two reasons. First, the defense that there was only a buyer/seller relationship was never raised at any point during the trial. While defendants are entitled to jury instructions on any recognized defense for which there exists evidence sufficient for a reasonable jury to find in their favor, Mathews v. United States, 485 U.S. 58, 63, 108 S.Ct. 883, 886-87, 99 L.Ed.2d 54 (1988), the defense that the evidence only showed a buyer/seller relationship was never given during trial. Petitioner's defense was that Jackson never purchased drugs from Gay because they were not out of prison at the same time during the relevant time period. This argument was made during both the cross-examination of Gay and closing arguments. Petitioner's attorney claimed that Gay was lying and that Jackson had never purchased drugs from Kelvin Gay, Eric German, or Felicia Smith, not that their was a buyer/seller relationship.

  Petitioner cites United States v. Maseratti as the basis for the buyer/seller relationship jury instructions. 1 F.3d 330, 336 (5th Cir. 1993). However, in this case the Fifth Circuit Court of Appeals ruled that buyer/seller relationship jury instructions were not necessary or required in a drug conspiracy case because the jury instructions encompassing the definition and elements of conspiracy cover the relevant law concerning buyer/seller relationships. If the evidence showed that a defendant is merely a buyer or seller, the elements necessary to prove a conspiracy would be lacking, and a not guilty verdict would result. Maseratti, 1 F.3d at 336. If jury instructions accurately reflect the law on conspiracy, the buyer-seller relationship has been adequately covered by this other instruction. Id. (citing United States v. L'Hoste, 609 F.2d 796, 805 (5th Cir. 1980), cert.

denied, 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980)). In our case the jury instruction on conspiracy accurately reflected the law on conspiracy and separate jury instructions on buyer/seller relationships were not necessary. Counsel was not ineffective and Petitioner did not suffer prejudice for counsel's failure to raise this meritless claim.

### e. Failure To Request Relief from Prejudicial Joinder

Petitioner claims that counsel was ineffective for failure to request relief from prejudicial joinder under Rule 14 of the Federal Rules of Criminal Procedure. The general rule is that "'persons indicted together should be tried together, especially in conspiracy cases, and . . . the mere presence of a spillover effect does not ordinarily warrant severance . . . .'" United States v. Moser, 123 F.3d 813, 828 (5th Cir. 1997) (quoting United States v. Pofahl, 990 F.2d 1456, 1483 (5th Cir.1993)). That separate trials might have afforded the defendant "a better chance of acquittal" does not justify a severance. Id. at 828. To obtain a severance based on a defendant's desire to call a co-defendant as a witness on his behalf so as to exercise a Sixth Amendment right, the defendant must establish a bona fide need for the testimony, the substance of the desired testimony, the exculpatory effect of the desired testimony, and indication that the co-defendant would indeed testify at a separate trial. United States v. Nguyen, 493 F.3d 613, 625 (5th Cir. 2007) citing United States v. Kane, 887 F.2d 568, 573 (5th Cir.1989); United States v. Nutall, 180 F.3d 182, 187 (5th Cir.1999). Under that test, without an affidavit from the co-defendant himself or other similar proof, "conclusory allegation[s]" that a co-defendant would testify and what he or she would testify about is not sufficient. See United States v. Sparks, 2 F.3d 574, 583 & n. 10 (5th Cir.1993) (listing precedent); United States v. Neal, 27 F.3d 1035, 1047 (5th Cir.1994). The argument made by Petitioner alleging that he told his attorney

before trial that German would testify on his behalf that German never gave Kelvin Gay any drugs[4] or that the person named "Black" referred to on the drug ledger was not Petitioner are purely conclusory. These allegations are neither supported by an affidavit nor any other evidence. An attorney cannot be ineffective for failing to raise a meritless claim. Sones v. Hargett, 61 F.3d 410, 415 n. 5 (5th Cir. 1995). Because Jackson did not present any affidavit or similar proof from German that German would testify on Jackson's behalf, defendant had no legal standing to mandate that the defendants be tried separately. In the absence of such evidence, a failure to file a motion to sever would not fall below an objective standard of reasonableness.

### f. Failure To Prove Facts that Could Have Exonerated Jackson on Appeal

Finally, Petitioner argues that counsel failed to prove facts and show evidence that would have exonerated Jackson on appeal. While Petitioner does not show the Court how and which facts his counsel could have proven on appeal to exonerate him of Count Two, it appears to this Court that Petitioner is referencing the false allegation that Kelvin Gay was in a correctional facility during the time period in which he testified he delivered crack cocaine and picked up money from Jackson, the price Gay testified that Jackson paid for the crack was an "unheard of price," and Dommneaka Green's testimony that she did not know Jackson. The Strickland standard applies to claims of ineffective assistance of counsel on appeal and requires showing of both a failure of counsel to perform according to reasonable professional standards and prejudice to the defendant. Wicker v. McCotter,

---

[4](meaning that Gay could not have given Petitioner drugs which Gay testified came from German).

783 F.2d 487, 497 (5th Cir. 1986). "This reasonableness standard requires counsel 'to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the courts attention." United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000)(quoting United States v. Williamson, 183 F.3d 458, 462-63 (5th Cir. 1999). A petitioner suffers prejudice if, but for the deficient performance, the outcome of the trial– or in this case, the appeal– would have been different." Amador, v. Quarterman, 458 F.3d 397, 411 (5th Cir. 2006).

Counsel's performance on appeal did not fall below a reasonable professional standard. The argument as to the time period in which the transactions between Gay and Jackson took place was thoughtfully and articularly made in the appeal brief. In the appeal brief counsel specifically challenges the sufficiency of the evidence and presents facts in a similar way to that which Petitioner is saying should have been done. Given the specific language which the court of appeals used in the denial of the relief on the conspiracy charge[5] and the subsequent admission by Petitioner to purchasing drugs from Gay, there does not appear to be any other viable argument which counsel could have raised on appeal that would have granted him relief. The testimony concerning the "price of the drugs" is purely speculative and without merit. Prices for illegal drugs on the black market can fluctuate rapidly based on a number of varying factors. The jury is allowed to weigh the credibility of each witness in accordance with the law and their belief that such a price was paid for 18 ounces of crack cocaine is rational. The jury was also permitted to weigh the

---

[5]Supra, page 7 of this ruling.

credibility of Dommneaka Green and were free to disregard her statement that she did not know Jackson. Given the circumstances of trial and the fact that Dommneaka Green did not want to testify, such a determination that her testimony was not credible or completely accurate is also rationale. The Court finds that Jackson's counsel on appeal did provide professionally competent assistance and Jackson was not prejudiced.

### 4. Liberty Interest created by 21 U.S.C. § 852

Petitioner argues that 21 U.S.C. § 852 creates a liberty interest in receiving some alternative form of treatment other than conviction or criminal penalties for those who violate federal drug laws. Petitioner does not cite to, nor has the Court found, any case or statute which provides that § 852 gives a convicted prisoner relief from conviction or criminal penalties. Rather, § 852 simply deals with treaties or other international agreements and is wholly irrelevant and has no affect on the present case before this Court.

## CONCLUSION

The Court finds Jackson is unable to make a colorable showing of factual innocence. Jackson's claim of insufficient evidence to prove Count Two are not cognizable under 28 U.S.C. § 2255 and nevertheless are without merit. In addition, Jackson failed to establish that he receive ineffective assistance of counsel or that he was prejudiced by such performance. Accordingly, Jackson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Record Document 230) shall be **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 12th day of April, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE