UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 5:04-CR-50134-03** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **RICHARD RANDALE JACKSON (03)** | **MAGISTRATE JUDGE HORNSBY** |

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA") of 2018, filed by Defendant Richard Jackson, whereby Jackson seeks a reduction of his term of imprisonment and his term of supervised release. [Doc. No. 375 at 6-7; *see also* Doc. No. 372 at 7]. The government opposes the motion, arguing Jackson is not eligible for relief under the FSA. [Doc. No. 376 at 1]. Alternatively, the government urges the Court to consider the factors set forth in 18 U.S.C. § 3553(a) in granting any reduction to Defendant's sentence. *Id.* at 2-3. For the reasons set forth below, Defendant's motion is GRANTED.

## I.
### BACKGROUND

On June 23, 2005, Jackson was charged in a third Superseding Indictment with conspiracy to possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 2), and with five counts of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Counts 6-10). [Doc. No. 78].[1] On June 27, 2005, the government filed a Notice of Enhanced Penalty pursuant to 21 U.S.C. § 851,

---

[1] Jackson was initially charged for these offenses on April 29, 2004 in the Monroe Division. *See U.S. v. Jackson*, Case No. 3:04-30021. Thereafter, Jackson was charged in a Superseding Indictment in this case [Doc. No. 19], and the indictment in the Monroe case was dismissed. [Case No. 3:04-30021, Doc. Nos. 31, 33].

notifying Jackson that it would seek a statutory minimum sentence of twenty years incarceration due to Jackson's April 21, 1999 conviction for possession with intent to distribute cocaine. [Doc. No. 77]. On August 17, 2005, following an eight-day jury trial, Jackson was convicted on all counts. [Doc. No. 145].

On December 8, 2005, a sentencing hearing was held. [Doc. No. 171]. Jackson's statutory sentencing range was twenty years to life. [PSR at 21]. The Office of Probation prepared a Presentence Investigation Report ("PSR"), which found Jackson responsible for "more than 1.5 kilograms of cocaine base," thereby resulting in a base and total offense level of 38. [PSR at 8, ¶ 29]. Although the PSR found Jackson's criminal history was a category IV, the Court sustained certain objections by defense counsel and determined Jackson's criminal history to be a category III. [Doc. No. 171; Statement of Reasons]. Jackson's sentencing guideline range was 292 to 365 months of incarceration. *Id.* The Court imposed a sentence of thirty years on all counts to run concurrently. [Doc. Nos. 172, 186]. The Court additionally imposed a ten-year term of supervised release on Count 2, and eight-year terms of supervised release on Counts 6 through 10, with all terms of supervised release to run concurrently. [Doc. No. 172 at 4]. Thereafter, the Fifth Circuit affirmed Jackson's conviction and sentence. *United States v. German*, 486 F.3d 849, 850 (5th Cir. 2007).

## II.
### APPLICABLE LAW

On August 3, 2010, after more than two decades of substantial criticism from the United States Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii)

by increasing the 50-gram threshold for cocaine base convictions to 280 grams. *See* 124 Stat. at 2372. Section 2 similarly amended § 841(b)(1)(B)(iii) by increasing the 5-gram cocaine base threshold to 28 grams. *Id.* The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Dorsey* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

### III.
#### ANALYSIS

**A.  Whether Defendant is eligible for relief under the First Step Act**

The government contends Jackson is ineligible for relief due to the amount of cocaine base attributed to him in the sentencing record. [Doc. No. 376 at 3]. The government acknowledges "that this argument was recently rejected by the Fifth Circuit, but makes it to preserve it for future

proceedings in this case." *Id.* (citing *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019)). The Court agrees with the government that this argument is now foreclosed by the Fifth Circuit. In *Jackson*, the Fifth Circuit held, "[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted. If he was convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *Jackson* at 320; *see also United States v. James Roy White*, 2020 WL 2843480, at *2 (5th Cir. June 1, 2020). In this matter, Jackson was convicted of violating a statute whose penalties were modified by Section 2 of the Fair Sentencing Act, his violation occurred before August 3, 2010, and he has not filed a previous motion seeking First Step Act relief, nor was his sentence "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Accordingly, the Court finds Jackson is eligible for relief under the First Step Act.

### B. Whether Relief is Warranted

In determining the appropriate sentence, the Court has considered the statutory sentencing range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson* at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)); *United States v. Allen*, 19-3606, 956 F.3d 355, 357 (6th Cir. 2020). Jackson was originally subject to a statutory sentencing range of twenty years to life in prison on Count 2 and ten years to life on Counts 6 through 10. Under the First Step Act, Jackson's statutory sentencing range for Count 2 is now ten years to life, and his statutory sentencing range for Counts 6 through 10 is zero to thirty years. Jackson's sentencing guideline range remains 292 to 365 months incarceration. Jackson's

statutorily mandated term of supervised release for Count 2 has been reduced from ten to eight years, and supervised release on Counts 6 through 10 has been reduced from eight years to six.

As to the nature and circumstances of the offense, it is a non-violent narcotics offense, involving the sale of cocaine base.[2] The PSR characterizes Jackson as a "mid-level" distributor in the conspiracy. [PSR at 7, ¶ 19]. While Jackson's co-defendants were found in possession of a firearm, there is no indication in the PSR that Jackson possessed a firearm, and there is no allegation of any violent acts in the offense conduct portion of the PSR. *Id.* at 5-6. As to the history and characteristics of this defendant, while Jackson does have a lengthy criminal history, it primarily involves traffic and motor vehicle offenses. However, the Court does note Jackson was convicted at age 22 of aggravated assault with a gun and possession of cocaine.[3] [PSR at 13-14, ¶¶ 68-71] The PSR indicates Jackson grew up poor, and his father was absent. *Id.* at 20. Jackson quit school in eleventh grade. *Id.* at 21.

Jackson is now almost 45 years old. He has been incarcerated for these offenses since he was 28 years old.[4] Jackson's projected release date is February 10, 2030.[5] While in the custody of the Bureau of Prisons ("BOP"), Jackson has taken advantage of various educational, vocational and drug education classes in furtherance of his rehabilitation, and most importantly, he has earned his GED. [Doc. No. 375-2 at 1]. His security classification is low. *Id.* In the eight and a half years Jackson has been at his current BOP facility, he has been a "model inmate." *Id.* Jackson has

---

[2] Jackson sold cocaine base for co-defendant Eric German "in amounts varying from 9 to 18 ounces." *United States v. German*, 486 F.3d 849, 850 (5th Cir.2007).

[3] Prior to the instant offense, Jackson's longest period of incarceration was just under two years, due to his state conviction for possession of cocaine. [PSR at 14, ¶ 70].

[4] *See* Case No. 3:04-30021, Doc. No. 6.

[5] *See* https://www.bop.gov/inmateloc/ (last visited June 1, 2020).

completed Release Preparation classes, he has earned "above average work evaluations," and has gained "employable work skills while being employed in Food Services." *Id.* In his fifteen years in BOP custody, Jackson has had only three disciplinary events, with the last one occurring in 2013.[6]

Finally, the Court notes Jackson's co-defendants, Eric German (the organizer of the conspiracy) and Felicia Smith (German's girlfriend), were convicted for this conspiracy, a separate conspiracy to distribute five kilograms or more of cocaine, and two counts of distribution. German was additionally convicted of conspiracy to commit money laundering. German was originally sentenced to life in prison. [Doc. No. 177]. On January 19, 2017, German's sentence was commuted by President Barack Obama to 324 months. [Doc. No. 364 at 9]. Smith was originally sentenced to 292 months incarceration. [Doc. No. 170]. On January 4, 2017, her sentence was reduced to 188 months. [Doc. No. 360]. Shortly thereafter, her sentence was commuted and expired on May 17, 2017. [Doc. No. 363 at 1-2]. Thus, Smith served just under thirteen years for her offenses.

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to time served, effective July 6, 2020, is sufficient but not greater than necessary to comply with the purposes of sentencing, subject to the additional special condition of supervised release that the first six months

---

[6] Jackson had two disciplinary incidents in 2013 for "possessing stolen property." [*See* BOP Inmate Discipline Data at 1]. These appear to involve an incident where Jackson possessed an unauthorized granola bar, and an incident where he possessed "stolen smoke sausage and oatmeal from food service." *Id.* For these offenses, Jackson lost 54 days of good conduct time, among other sanctions. *Id.* In 2008, Jackson was sanctioned for possessing intoxicants ("hooch"), for which he also lost 27 days of good conduct time. *Id.*

of supervised release shall occur in the City of Faith Residential Reentry Center in Monroe, Louisiana. Such a sentence is a substantial prison term, commensurate with the crimes Jackson committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. For these same reasons, the Court will reduce the term of supervised release on Count 2 to eight years and will reduce the term of supervised release on Counts 6 through 10 to six years. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. Nos. 372] is GRANTED, and the Court will issue an amended judgment: (1) reducing Defendant's term of incarceration to TIME SERVED, effective July 6, 2020; (2) reducing Defendant's term of supervised release to EIGHT YEARS on Count 2 and SIX YEARS on Counts 6 through 10, with all terms of supervised release to run concurrently; and (3) imposing a special condition of supervised release that immediately upon release from the custody of the Bureau of Prisons, Defendant must reside at the City of Faith Residential Reentry Center in Monroe, Louisiana for a period of six (6) months.

Except as modified in this paragraph, all other provisions of the Judgment imposed on December 8, 2005 [Doc. No. 172] REMAIN in effect.

SIGNED this 3rd day of June, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE